**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006– PC1, ASSET–BACKED CERTIFICATES, SERIES 2006–PC1,** | § § § § § § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **EP-16-CV-00009-DCG** |
| **PAULINE VALLEJO and RICHARD VALLEJO,** | § § § | |
| **Defendants.** | § § | |

**MEMORANDUM OPINION AND**
**ORDER GRANTING DEFAULT JUDGMENT**

Presently before the Court is U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006–PC1's ("Plaintiff") "Amended Motion for Default Judgment" (ECF No. 16) ("Motion"), filed on July 8, 2016. Plaintiff requests the Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55 against Defendants Pauline Vallejo and Richard Vallejo ("Defendants"). *See* Mot. 1–2. After considering the Motion, the record, and the applicable law, the Court concludes Plaintiff is entitled to the requested relief, and therefore, the Court will render a default judgment against Defendants.

**I. BACKGROUND**

Plaintiff is a national association and trustee with its main office in Ohio. *See* Compl. ¶ 6. It commenced suit on January 11, 2016, seeking declaratory judgment against Defendants. *Id.* at ¶¶ 20– 21. Specifically, Plaintiff seeks

a judgment declaring that Defendants Pauline Vallejo and Richard Vallejo are in default on their obligations on the Texas Home Equity Fixed/Adjustable Rate Note (Cash Out – First Lien) in the principal amount of $170,000.00 ("Note"), originally payable to People's Choice Home Loan Inc. as lender on a loan secured by the Property pursuant to the Texas Home Equity Security Instrument (First Lien), granting People's Choice Home Loan, its successors and assigns, a security interest in the Property, and recorded in the official public records of El Paso County, Texas, under instrument number 20050068021;

. . . judgment that Plaintiff is entitled to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to the Note, Security Instrument, and Texas Property Code § 51.002, or alternatively, judicial foreclosure;

[and an award of] attorneys' fees and costs . . . .

Mot. 4; Compl. 7.  The real property and improvements in question are commonly known as

6253 Camino Allerge Drive, El Paso, Texas 79912, more particularly described as:

LOT 39, BLOCK 98, CHAPARRAL PARK UNIT 20, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF ON FILE IN VOLUME 54, PAGES 33 AND 33A, REAL PROPERTY RECORDS, EL PASO COUNTY, TEXAS (the "Property").

Compl. ¶ 4.

Thereafter, Plaintiff requested issuance of summons and that same day, the Clerk of the Court issued a summons to each of the Defendants.  *See* ECF No. 3–5.  Plaintiff subsequently asked for a reissuance of summons and summons were again issued against Defendants.  *See* ECF Nos. 6–9. Plaintiff properly served Defendants with the summons on March 10, 2016.  *See* Proof of Service 2, 4, ECF No. 10.  To date, Defendants have not answered Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12[1] or otherwise appeared in this case.

On April 5, 2016, the Court entered an order to show cause against Defendants, ordering them to file a responsive pleading on or before April 12, 2016.  *See* Order to Show Cause, 1–2, ECF No. 11. Plaintiffs failed to do so and have yet to file a responsive pleading in this matter.  On May 17, 2016, Plaintiff filed its "Request for Entry of Default Judgment by the Clerk" (ECF No. 12).  On May 18,

---

[1] Federal Rule of Civil Procedure 12 provides that unless a different time is prescribed by federal statute a defendant shall serve an answer within twenty–one days after being served with the summons and complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

2016, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil

Procedure 55(a). *See* Entry of Default, ECF No. 14. On May 17, 2016, Plaintiff first moved for

default judgment. *See* First Motion for Default J., ECF No. 13. The Court denied Plaintiff's motion

without prejudice because Plaintiff had "not provide[d] the Court with a copy of the Note, nor with any

other evidence that [Defendants] are in breach of the Note and that [Plaintiff] is entitled to foreclose."

Order Denying First Mot. for Default J. 6–7, ECF No. 15. Plaintiff, after presumably curing their

deficiency, subsequently filed the instant Motion. On July 11, 2016, the Court ordered Plaintiff to file

supplemental briefing. *See* ECF No. 17. Plaintiff did so on August 1, 2016. *See* Suppl. Brief, ECF

No. 20.

## II.  APPLICABLE LAW

The Clerk of the Court must enter default if a party fails to plead or otherwise defend, and the

moving party shows that failure by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). After the Clerk

enters default, a party may move for a default judgment. *See* Fed. R. Civ. P. 55(b); *New York Life Ins.*

*Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Rule 55 of the Federal Rules of Civil Procedure

provides that, following entry of default by the Clerk of the Court, a court can enter a default judgment

when the "plaintiff's claim is [not] for a sum certain or a sum that can be made certain by

computation." Fed. R. Civ. P. 55(b)(1).

In all other cases, a party must petition the court to enter default judgment if there is "a

sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., LTD. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (footnote omitted). "The defendant, by his default,

admits the plaintiff's well–pleaded allegations of fact, is concluded on those facts by the judgment, and

is barred from contesting on appeal the facts thus established." *Id.* (citations omitted). When

reviewing a motion for default judgment, a court takes the plaintiff's well–pleaded factual allegations

as true, excluding monetary damages. *See United States ex rel. M–CO Constr., Inc. v. Shipco Gen.,*

*Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Relevant factors to be considered by the court include "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, Plaintiff's claim seeks declaratory relief. *See* Compl. 3–4. The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief. *See Fid. & Guar. Life Ins. Co. v. Unknown Tr. of Revocable Trust –8407*, No. CIV.A. 13–CV–412–PRM, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014) (awarding default judgment in declaratory judgment action); *Taylor v. City of Baton Rouge*, No. CIV.A. 13–00579–BAJ, 2014 WL 4177275, at *3 (M.D. La. Aug. 25, 2014) (same).

### III.  DISCUSSION

#### A.  *Whether Declaratory Judgment is Appropriate*

Because Plaintiff seeks a declaratory judgment, the Court must engage in a three–step process to determine whether that relief is appropriate in this case. *See Fid. & Guar. Life Ins. Co.*, 2014 WL 2091257, at *3 (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "First, the court must determine whether the declaratory action is justiciable[,] . . . [meaning that] an 'actual controversy' exists between the parties to the action. *Orix Credit Alliance*, 212 F.3d at 895 (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989). If an "actual controversy" exists, the district court must then "resolve whether it has the 'authority' to grant declaratory relief in

the case presented." *Id.* (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d

774, 776 (5th Cir. 1993)).  In the third step, "the court has to determine how to exercise its broad

discretion to decide or dismiss a declaratory judgment action." *Id.* (citing *Travelers Ins. Co.*, 996 F.2d

at 778).

　　　The Court must first determine if an "actual controversy" exists.  "As a general rule, an actual

controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists]

between parties having adverse legal interests." *Fid. & Guar. Life Ins. Co.*, 2014 WL 2091257, at *3

(citation omitted) (alterations in original).  "Whether particular facts are sufficiently immediate to

establish an actual controversy is a question that must be addressed on a case–by–case basis." *Fid. &*

*Guar. Life Ins. Co.*, 2014 WL 2091257, at *3 (quoting *Orix Credit Alliance*, 212 F.3d at 896).

　　　Here, Plaintiff alleges that Defendants are in breach of the security instrument and note.  An

"actual controversy" thus exists.

　　　Having determined that an "actual controversy" exists, the Court now must determine whether

it has the requisite authority.  "Under the second element of the *Orix Credit Alliance* test, a district

court does not have authority to consider the merits of a declaratory judgment action when: (1) the

declaratory defendant previously filed a cause of action in state court; (2) the state case involved the

same issues as those in federal court; and (3) the district court is prohibited from enjoining the state

proceedings under [28 U.S.C. §] 2283." *Id.* at *4 (alteration in original) (quoting *Sherwin–Williams*

*Co. v. Holmes Cty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003)).

　　　The Court is unaware of a similar, parallel, state court action still pending that is related to the

instant case.  The Court therefore has the authority to grant declaratory relief.

　　　Finally, at the third step, the Court determines whether to exercise jurisdiction and grant the

requested relief.

　　　　　The Fifth Circuit has stated that, when determining whether to exercise or decline
　　　　　jurisdiction over a declaratory judgment action, a district court should consider several

important factors, namely (1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at *4 (citing *Sherwin–Williams*, 343 F.3d at 388).

After reviewing the record, the Court holds that the factors balance in favor of the Court exercising jurisdiction in the Plaintiff's request for declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action still pending that is related to the instant case. There is no evidence that Plaintiff filed the action in anticipation of a suit, and there is no evidence or that Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting default judgment, and a declaratory judgment as resolving the question before the Court today would further judicial efficiency. The Court will therefore consider whether default judgment is appropriate in the matter.

### B. Whether Default Judgment is Proper

The Court is satisfied that the grounds for the entry of default judgment against Defendants Pauline Vallejo and Richard Vallejo are met. The Clerk of the Court has entered a default against Defendant. *See* Entry of Default. By their default, Defendants have admitted the factual allegations in Plaintiff's Complaint. *See Jackson v. FIE Corp.*, 302 F.3d 515, 524–525 (5th Cir. 2002) (citation omitted). In addition, Plaintiff has filed a declaration from its counsel attesting that Defendants are not infants, incompetent, or eligible for relief under the Servicemembers Civil Relief Act of 2003. *See* Motion, Exs. A, A–1, A–2. Moreover, there are no material issues of fact precluding judgment in Plaintiff's favor or any indication that Defendant's default has been caused by a good faith mistake or excusable neglect. Finally, the Defendants have had more than enough opportunity to defend the

- 6 -

matter if they were so inclined; they are currently overdue in responding to the Court's show cause order alerting them to the possibility of default judgment being rendered against them.

## C.  Whether Plaintiff is Entitled to Foreclose

In light of the above, the Court must decide what damages Plaintiff is entitled to receive for Defendant's breach.  Plaintiff's Complaint seeks a declaratory judgment that Defendants are in default on their obligations under the relevant security agreement.  *See* Compl 4.  Plaintiff also requests "judgment that Plaintiff is entitled to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to the Note, Security Instrument, and Texas Property Code § 51.002, or alternatively, judicial foreclosure;" as well as attorneys' fees and costs.  Mot. 5; *accord* Compl. 7.  In its supplemental brief, Plaintiff clarifies that it is seeking "a judicial foreclosure of the Loan Agreement and sale of the property by law enforcement."  Suppl. Brief 2.

In determining whether a party is entitled to foreclose on a promissory note secured by real property, a federal court applies the substantive law of the forum state, in this case Texas.  *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995).  Accordingly, in order to show that it is entitled to the damages it seeks, Plaintiff "need not prove all essential elements of a breach of contract, but only must establish the note in question, that [Defendant] signed the note, that [Plaintiffs are] the legal owner[s] and holder[s] thereof, and that a certain balance [is] due and owing on the note." *See id.* (quoting *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)); *accord Charles R. Tips Family Trust v. PB Commercial LLC*, 459 S.W.3d 147, 152 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citations omitted).

Here, Plaintiff has produced a copy of the Note dated July 25, 2005, for a sum of $170,000.00 plus interest, which was executed by Defendant Pauline Vallejo. *See* Mot., Ex. B ("Note") at 1. Plaintiff has similarly produced a security instrument in the same amount dated July 25, 2005, signed by Defendants, *see* Mot., Ex. C ("Security Instrument") at 1, and an Assignment whereby Mortgage

- 7 -

Electronic Registration Systems, Inc., the original lender under the Note, granted, assigned, and transferred to Plaintiff all beneficial interest in the Note and Security Instrument, *see* Mot., Ex. D ("Assignment") at 1. Plaintiff has produced a notice of default showing that the Note is currently due for the May 1, 2008, payment and all subsequent monthly payments, as well as a notice of acceleration effective May 22, 2014. *See* Mot., Exs. E–F. Lastly, Plaintiff has provided evidence documenting the interest charges, maintenance expenses, and escrow advances on taxes and insurance accrued as of December 30, 2015.

The Court finds that Defendant has defaulted on the Note and Security Instrument and that Plaintiff is therefore entitled to enforce the rights thereunder.

"Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default . . . ." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992); *accord In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) (citations omitted). As its remedy for Defendants' default on the Note, Plaintiff has elected to pursue a judicial foreclosure. *See* Suppl. Brief 2. Plaintiff is entitled to such a remedy.

## IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006–PC1's "Amended Motion for Default Judgment" (ECF No. 16) is **GRANTED**.

The Court hereby enters a **JUDGMENT** in favor of U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006–PC1 that Defendants Pauline Vallejo and Richard Vallejo owe a debt of

$335,612.47 secured by the real property and improvements in question, commonly known as 6253 Camino Allerge Drive, El Paso, Texas 79912, more particularly described as:

> LOT 39, BLOCK 98, CHAPARRAL PARK UNIT 20, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF ON FILE IN VOLUME 54, PAGES 33 AND 33A, REAL PROPERTY RECORDS, EL PASO COUNTY, TEXAS.

Such debt **SHALL** continue to accrue interest at the per annum rate described in the Note until the foreclosure sale described in the following paragraphs is executed.

The Court **GRANTS FORECLOSURE** upon the lien securing such amount as Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006–PC1's remedy for Defendants Pauline Vallejo and Richard Vallejo's default on the Note and Security Instrument, recorded in the official public records of El Paso County, Texas, as instrument number 20050068021.

**IT IS ALSO ORDERED** that the United States Marshal's Service **SHALL**, in **FULL SATISFACTION** of the sums adjudged in this Order, sell the Property at a public auction to the highest bidder for cash according to the terms and conditions set forth below:

a.  The public auction shall be held in the lobby of the El Paso County Courthouse located at 500 E. San Antonio Avenue, El Paso, Texas;

b.  The public auction shall occur on or after September 19, 2016, as determined by the United States Marshal's Service;

c.  After the date and time for the public auction have been determined by the United States Marshal's Service, Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed

- 9 -

Certificates, Series 2006–PC1 shall send, via certified mail, return receipt requested, a

notice of sale indicating the date, time, place, and manner of the public auction to:

> Pauline Vallejo
> 6253 Camino Allerge Drive
> El Paso, Texas 79912

and

> Richard Vallejo
> 6253 Camino Allerge Drive
> El Paso, Texas 79912

d. Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA,

Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear

Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series

2006–PC1shall also announce the date, time, place, and manner of the public auction in the

El Paso Times and El Paso Inc. for four (4) consecutive weeks prior to the public auction

date.  These advertisements shall contain the Property's address as well as the legal

description of the same;

e. Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA,

Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear

Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series

2006–PC1 shall be responsible for payment of the expenses associated with administering

the public auction, and the United States Marshal's Service shall deduct out of the proceeds

of the sale herein described its reasonable fees for conducting such sale;

f. If Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA,

Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear

Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series

2006–PC1 is the successful bidder, Plaintiff's bid shall constitute a credit against the amount owed by Defendants Pauline Vallejo and Richard Vallejo under the Note; and

g.  The sale shall be subject to confirmation by the Court, and upon confirmation and receipt of the full purchase price of such sale, the United States Marshal's Service shall execute and deliver a deed conveying the Property "as is" to the successful bidder. **The United States Marshal's Service is directed to deliver the deed using FORM USM–159.**

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL** issue a Writ of Execution, pursuant to Federal Rule of Civil Procedure 70, authorizing the United States Marshal's Service to take possession and control of the Property pending the sale herein described.  All persons occupying the Property **SHALL** turn over all keys to the Property to the United States Marshal's Service or a representative of the same.  All persons **SHALL** vacate the property permanently within 30 days from the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Service is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed abandoned, and Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006-PC1is authorized to remove it and to dispose of it in any manner authorized by law.

**IT IS FURTHER ORDERED** that after the sale is confirmed by the Court, the United States Marshal's Service **SHALL** distribute from the proceeds of the sale, as far as they are sufficient and after the United States Marshal's Service has deducted its reasonable fees for conducting the sale, the

amount of $335,612.47 to Plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset–Backed Certificates, Series 2006–PC1. Any balance remaining after this payment **SHALL** be delivered to the Clerk of the Court who shall hold any such balance until further order of the Court.

SO ORDERED and SIGNED this _16th_ day of August, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE